FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 24, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MIKHAIL YURIY AGEYEV,<br><br>Defendant. | No. 2:18-CR-00031-RLP-1<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR COMPASSIONATE RELEASE** |

BEFORE THE COURT is Defendant Mikhail Yuriy Ageyev's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 254. The matter was submitted to the Court without oral argument. The Government did not submit a response. For the reasons set forth below, the Court denies without prejudice Mr. Ageyev's Motion for Compassionate Release.

BACKGROUND

Mr. Ageyev is originally from Ukraine but moved to the United States as a child, settled in Washington, and gained Permanent Resident status. ECF Nos. 254 at 22, 209 at 3, 43. In 2019, Mr. Ageyev pleaded guilty to the crimes of Conspiracy to Produce Child Pornography, in violation of 18 U.S.C. § 2251(a), (e); Production of Child Pornography, in violation of 18 U.S.C. § 2251(a); and Possession of Child Pornography, in violation of 18 U.S.C. 2252A(a)(5)(B). ECF Nos. 195 at 1–2, 196. Mr. Ageyev possessed approximately 9,000 child pornography images stored on multiple electronic devices and multiple internet locations. ECF No. 195 at 11. Some of these depictions included Mr. Ageyev's girlfriend's daughter, who was only two years old when her mother, a co-defendant, and Mr. Ageyev subjected her to sexual abuse. ECF No. 195 at 8–9. On January 30, 2020, United States District Judge William Fremming Nielson sentenced Mr. Ageyev to 600 months of imprisonment followed by a life-term of supervised release. ECF No. 222 at 2–3. Mr. Ageyev was also ordered to pay $50,000 in restitution. *Id.* at 8.

On June 11, 2026, Mr. Ageyev submitted a request for compassionate release to the Bureau of Prisons ("BOP").[1] ECF No. 254 at 3. As of August 5,

[1] Pursuant to 18 U.S.C. § 3582(c)(1)(A), following the lapse of 30 days from the receipt of such a request without action by the prison warden, the defendant may properly bring a motion for compassionate release.

2026, BOP had not responded. *Id*. Mr. Ageyev now files this motion for compassionate release due to his elderly father's medical condition and need for care. *Id.* at 10, 11.

According to Mr. Ageyev's request, his father is sixty-eight (68) years old, and suffering from heart disease and injuries to his spine and legs. *Id*. at 10. Additionally, his father lives alone without any family in Crimea, struggles to work because of his medical conditions, and relies only on a small pension for subsistence. *Id*. at 10. Mr. Ageyev desires to be released and deported so that he can take care of his ailing father.[2] *Id*.

Mr. Ageyev reports he is progressing in his rehabilitation, as evidenced in his graduation from The Challenge Program, an inmate program focused on mental illness and community reintegration. ECF No. 254 at 10. Mr. Ageyev also reports completing vocational education, such as courses in business management and food service. *Id*. at 10. He has been trained as a Mental Health Companion within the penitentiary and works for the penitentiary's maintenance team. *Id*. at 10–11. Mr. Ageyev has not received discipline during incarceration, and earned a Low

[2] Mr. Ageyev states that he is subject to an order of deportation or an ICE detainer. ECF No. 254 at 2. However, the available record does not contain a deportation order.

Recidivism designation. *See id.* at 11, 21. Mr. Ageyev also notes his remorse and shame concerning his actions toward the victims of his crimes. *Id*. at 11.

## LEGAL STANDARD

Generally, "a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (quoting 18 U.S.C. §3582(c)). Nevertheless, a district court may modify an imposed sentence for limited reasons such as compassionate release under 18 U.S.C. § 3582(c)(1)(A). Compassionate release is a rare exception to that rule and is to be used only in extraordinary cases. *See* 18 U.S.C. § 3582(c)(1)(A).

Under the First Step Act, defendants are authorized to directly petition the court for compassionate release after exhausting their administrative remedies within the BOP. *United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022). The Act grants courts discretion to consider compassionate release motions on an individualized basis, controlled by three substantive considerations: (1) whether extraordinary and compelling reasons warrant a sentence reduction; (2) whether a sentence reduction would be consistent with applicable policies issued by the Sentencing Commission; and (3) whether the sentence reduction is warranted considering the factors set forth in 18 U.S.C. § 3553(a). *Id*.

In enacting Section 3582(c)(1)(A), Congress authorized the Sentencing Commission to determine what "extraordinary and compelling" reasons support a sentence reduction. *See* 28 U.S.C. § 994(t). The Commission's guideline identifies

"extraordinary and compelling reasons" such as "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C).

If the Court finds that there are extraordinary and compelling reasons to grant compassionate release, the Court must then weigh the statutory sentencing factors, to the extent that they are applicable under 18 U.S.C. § 3553(a), to determine whether to reduce a defendant's sentence. *See* 18 U.S.C. § 3582(c)(1)(A). The sentencing factors include: (1) the history and characteristics of the defendant; (2) the need for the sentence imposed to (a) reflect the seriousness of the offense (b) promote respect for the law and provide just punishment for the offense and afford adequate deterrence to criminal conduct; (3) to protect the public from further crimes of the defendant; and (4) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a).

In district courts, the inmate bears the burden to demonstrate eligibility for compassionate release. *See United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022). In compassionate release proceedings, defendants are not entitled to appointment of counsel. *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996).

ANALYSIS

Mr. Ageyev contends that his compassionate release is warranted because he must take care of his ailing father who resides in Crimea. ECF No. 254 at 10. In the alternative, Mr. Ageyev requests the Court reduce his sentence in the amount of 20 years and appoint counsel to represent him in this matter. *Id*. at 11. He also requests the Court support an "International Treaty Transfer" to Ukraine if the US and Ukraine negotiate a Treaty Transfer. *See id*.

The Court concludes there are no extraordinary and compelling circumstances and that the § 3553(a) factors weigh against Mr. Ageyev. Accordingly, the Court denies without prejudice Mr. Ageyev's request for compassionate release and reduction in sentence. Because there are no legally complex issues within Mr. Ageyev's request, the Court also denies appointment of counsel. Finally, Mr. Ageyev's request for transfer to Ukraine has already been denied by the U.S. Department of Justice, and Mr. Ageyev cites to no authority that permits this Court to change that decision.

*Extraordinary and Compelling Circumstances*

Mr. Ageyev contends that his elderly father is in a dire situation in Crimea and needs his support. *See* ECF No. 254 at 10. While the Court is sympathetic to Mr. Ageyev's family situation, this is not a reason that is "extraordinary and compelling" under 18 U.S.C. § 3582(c)(1)(A) warranting compassionate release.

Unfortunately, aging parents are a common concern to all incarcerated individuals who are prevented from caring for their parents. *See Rutherford v. United States*, 608 U.S. 454, 455 (2026) (extraordinary and compelling reasons "are those that are especially unusual and convincing"). Additionally, Mr. Ageyev fails to provide documentation or support that his father is incapacitated and that he is the only available caregiver. *See* U.S.S.G. § 1B1.13(b)(3)(C) (extraordinary and compelling is to include incapacitation of a parent when the defendant is the only available caregiver). Thus, the Court finds that Mr. Ageyev has not shown extraordinary and compelling circumstances under § 3582(c)(1)(A) to justify compassionate release.

§ *3553(a) Factors*

Even if Mr. Ageyev had shown extraordinary and compelling circumstances, the § 3553(a) factors weigh against his request for compassionate release or sentence reduction. While Mr. Ageyev has completed some rehabilitative programs while in custody, the Court finds that, pursuant to 18 U.S.C. §3553(a)(2), reducing Mr. Ageyev's sentence or granting compassionate release would not reflect the seriousness of the offense nor promote respect for the law.

Mr. Ageyev has been in custody since his arrest on September 6, 2018, and has served approximately eight years of his fifty-year sentence ECF Nos. 65, 254 at 2, 222 at 2. Mr. Ageyev has completed some residential treatment programs, but he has not completed any specific programming to address his predatory behavior

and sexual deviations. *See* ECF No. 254 at 10. An eight-year sentence and completion of generic programming for offenders does not reflect the gravity of the crimes and undermines the principles of justice and deterrence. *See* 18 U.S.C. §3553(a)(2).

*Appointment of Counsel*

Mr. Ageyev requests appointment of counsel to represent him in this matter. ECF No. 254 at 11. It is well established that defendants do not have a constitutional right to counsel when bringing a § 3582(c) motion for compassionate release. *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996) (defendant was not entitled to appointed counsel and that the appointment decision rested within the district court's discretion). Because Mr. Ageyev has not identified any unusually complex legal or factual issues within his motion, the Court denies his request for appointment of counsel. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (holding a district court has discretion in appointing counsel for indigent state prisoners applying for habeas corpus relief when it determines "that the interests of justice so require.").

*Treaty Transfer*

Mr. Ageyev requests the Court support a Treaty Transfer. ECF No. 254 at 11. However, on April 10, 2026, the U.S. Department of Justice denied Mr. Ageyev's request for a treaty transfer to Ukraine. ECF No. 254 at 24. Mr. Ageyev

provides no authority that would permit the Court to intervene in this treaty transfer process.

CONCLUSION

Because Mr. Ageyev fails to show extraordinary and compelling circumstances and the §3553(a) factors weigh against his request, the Court denies his motion for compassionate release without prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Mr. Ageyev's Motion for Compassionate Release, **ECF No. 254**, is **DENIED** without prejudice.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel, the U.S. Probation Office and the Bureau of Prisons.

**DATED** September 24, 2026

REBECCA L. PENNELL
DISTRICT COURT JUDGE